UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROYLYNN AISOLA, et al. | CIVIL ACTION |
| VERSUS | NO. 08-1105 |
| EXXONMOBIL CORPORATION | SECTION "N" (3) |

# **ORDER AND REASONS**

Before the Court are two motions. First, Plaintiffs have filed a Motion to Remand (Rec. Doc. 26). Second, the Defendant has filed a Motion to Dismiss (Rec. Doc. 22). Both motions are opposed. After reviewing the pleadings, the memoranda, and the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

In this case, twenty-three Plaintiffs—eleven adults on behalf of their thirteen minor children—filed the instant suit on grounds that they were injured during a field trip to a local ExxonMobil facility on January 12, 2007. Plaintiffs claim that during the field trip, the Defendant negligently released chemicals in the air, injuring Plaintiffs. A scheduling order was entered on August 7, 2008, setting a pretrial conference date of May 7, 2009, and a bench trial commencing on May 18, 2009. The case was originally allotted to another section of this Court before being reallotted to Section N on April 27, 2009.

1

## II. ANALYSIS

**A. Motion to Remand**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the Court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Under any manner of proof, jurisdictional facts must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen*, 63 F.3d at 1335.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the plaintiff must then show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). This burden can be met by: (1) showing state procedural

rules binding a plaintiff to his pleadings; or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

The complaint in this case alleges that while Plaintiffs were guest invitees at an Exxon facility on January 12, 2007, unknown chemicals fell on them, causing injuries that "have necessitated and will continue to necessitate medical treatment." Compl. at ¶ 5. Each of the Plaintiffs seek damages inclusive of past, present, and future medical expenses; past, present, and future lost wages; past, present, and future mental anguish; past, present, and future pain and suffering; permanent disability and disfigurement; and any other damages that may be proved at trial. *Id.* at ¶ 6.

The Fifth Circuit has held that the requisite amount in controversy is not facially apparent where the injuries alleged largely consist of the usual and customary damages set forth by personal injury plaintiffs and are not specific as to the extent of the injuries or other damages. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (remand upheld in case where complaint "alleged, with little specificity, damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses . . . plus loss of consortium"); *see also Battley v. Harcros Chems., Inc.*, 2009 WL 1158803 (M.D. La. April 29, 2009) (remand granted in chemical release case in which only physical injury alleged was exacerbation of pre-existing respiratory illness). However, the Circuit has noted that emotional distress, functional impairment, and disability are the kinds of damages that if alleged "support[] a substantially larger monetary basis for federal jurisdiction." *Simon*, 193 F.3d at 851. Further, the Circuit has also held that removal is justified where alleged damages in a chemical exposure case include

3

> individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance; expenses incurred by reason of illness caused by the nuisance; fear and apprehension of further exposure to, and impact from, hazardous chemicals; economic and financial harm; loss of enjoyment of life and peaceful use of property; and, other consequential, incidental, general, and special damages.

*In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009). This list closely resembles the damages alleged in the instant chemical exposure case.

Further, there is a claim in this case for permanent disability and disfigurement. *See* Compl. at ¶ 6. Courts have awarded substantially more than $75,000 in cases where disfigurement or disability or both are proven (at times, in conjunction with emotional distress from such disability or disfigurement, as is alleged in this case). *See, e.g.*, *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1241 (10th Cir. 2004) (affirming award of $150,000 for plaintiff's future wage loss caused by his permanent disfigurement); *Martin v. Fleissner GmbH*, 741 F.2d 61, 65 (4th Cir. 1984) (affirming award of $400,000 in product liability case alleging "pain, suffering, disfigurement, medical expenses, and lost earning capacity"); *McKissack v. Wal-Mart Stores, Inc.*, 2004 WL 212930, at *6 (W.D. Tex. Jan. 26, 2004) (affirming award of $43,000 for past and future disfigurement and $911,000 for past and future disability); *Guillory v. Avondale Shipyards, Inc.*, 448 So.2d 1281, 1286-87 (La. 1984) (affirming award of $100,000 for 21-year old's permanent disability and disfigurement resulting from motorcycle accident). Based on these cases, the claim for permanent disfigurement and disability alone supports a finding that it is facially apparent from the complaint that the amount in controversy requirement is met. Obviously, to recover a like amount as was awarded in these cases, Plaintiffs would have to prove their damages, but on a motion to remand, the question before the Court is whether it is

facially apparent the damages alleged exceed $75,000.00 at the time of removal. Taken in conjunction with other claimed injuries (injuries claimed, it should be noted, by minors whose future lost wages and pain and suffering might be sizeable, commensurate with their more extensive life expectancy), the Court concludes that it is facially apparent that the amount in controversy requirement is met.

The Court is aware that another section in the Eastern District has come to the opposite conclusion in a case where permanent disability was alleged. In *Moore v. J.C. Penney Co., Inc.*, 2000 WL 222162, at *3 (E.D. La. Feb. 22, 2000), Judge Berrigan ruled that "given the extremely limited facts surrounding the accident and the non-existent description of any injuries in the petition," the allegation of permanent disability by plaintiff in that case did not suffice to make it facially apparent that the amount in controversy requirement was met. Respectfully, the Court does not find the conclusion reached in that slip and fall case to be helpful here, as the instant case is far more factually resonant with *In re 1994 Exxon Chemical Fire*, where removal was upheld even without the inclusion of claims for permanent disability and disfigurement.

Plaintiff argues that this case should be remanded, pointing to *In re New Orleans Train Car Leakage Fire Litigation*, 903 So.2d 9 (La. App. 2005), where multiple plaintiffs received far less than $75,000 in damages in a case where residents were evacuated from their homes after suffering physical injuries such as eye irritation, dry heaves, nausea, and dizziness. This is factually resonant with the instant case, Plaintiffs argue, where their injuries "consisted of burning eyes and skin, with others having headaches." Pl.'s Reply at 1 (Rec. Doc. 28). Obviously, the jurisdictional amount in controversy was not at issue in this state court case, and so the case is of limited value in this regard. More to the point, the allegations about the limited

nature of Plaintiffs' injuries are not reflected in the complaint in the instant case, which is much broader and includes allegations about the necessity of ongoing medical treatment, as well as allegations of permanent disability and disfigurement, mental anguish, pain and suffering, and past and future expenses and lost wages. Nor are these newer, limited allegations supported by affidavits referring back to the time of removal. Jurisdictional facts must be judged at the time of removal. *Allen*, 63 F.3d at 1335. Unsupported allegations of the limited nature of a plaintiff's injuries, offered in a motion to remand, are not sufficient to defeat jurisdiction when it is facially apparent that the claim exceeds $75,000.00, as it is in this case.[1]

The Defendant having established by a preponderance that the claim in this case exceeds $75,000.00, Plaintiffs are required to show to a legal certainty that the individual claims are valued at less than $75,000.00, either by pointing to state procedural rules binding Plaintiffs to their pleading, or by timely filing an affidavit declaring that the claim is less than that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Plaintiffs have done neither, and thus fail to make the required showing to a legal certainty. Accordingly, the motion to remand is denied.

---

[1] Plaintiffs also offer an affidavit from Plaintiffs' counsel attesting that "no Plaintiff in the above reference [*sic*] matter damages [*sic*] are above $75,000 dollars [*sic*] exclusive of interest and costs." Pl.'s Reply at Ex. 5. There has been no showing that Plaintiffs' counsel is a fact witness in this case and thus his testimony as to the extent of his clients' injuries is not admissible. The Court notes that it is an ethical violation for an attorney to assert personal knowledge of facts in issue if he is not a witness. *See* LA. RULE OF PROFESSIONAL CONDUCT 3.4(e). Finally, even if the Court were to construe this affidavit as a stipulation from *Plaintiffs* that their damages do not exceed the requisite jurisdictional amount, such a stipulation must have been filed with the complaint to be effective. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant.").

**B. Motion to Dismiss**

Defendant argues that Plaintiffs' case should be dismissed for failure to comply with Court rules and orders, specifically Plaintiffs' failure to timely file disclosures pursuant to FED. R. CIV. P. 26(a)(1)-(3) or to comply with the Court's scheduling order of August 7, 2008, as regards disclosing witnesses, exhibits, and expert reports.

A Court may dismiss an action pursuant to FED. R. CIV. P. 41(b) upon a showing of "'a clear record of delay or contumacious conduct by the plaintiff' . . . , and where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th. Cir 2006) (citation omitted). Such dismissals are generally without prejudice, but in this case dismissal without prejudice will operate as a dismissal with prejudice since the limitations period has run, and in such a case a district court must be careful in wielding this extraordinary sanction. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (discussing effect of dismissal).

That there has been a record of delay by the Plaintiffs in this case cannot be doubted.[2] After filing its answer, Defendant timely made its Rule 26 disclosures as required by the scheduling order, but Plaintiffs failed to do so within the requisite 14 days, or indeed, at any time since. Plaintiffs failed to propound discovery requests and never filed any expert reports or witness and exhibit lists, as required under the scheduling order. Though the Defendant sent its pretrial inserts to Plaintiffs' counsel for inclusion in the pretrial order, as is the custom in this

---

[2] The Court notes that the electronic docket of this case has no entries from the entry of the scheduling order on August 7, 2008, until the order assigning this case to Section N on April 27, 2009.

district and as is required in the scheduling order, Plaintiffs failed to file a proper pretrial order as described at length in the pretrial notice form that is given to every litigant at the scheduling conference and is incorporated by reference into the scheduling order.[3] The Court had to remind the parties to schedule the required settlement conference with the magistrate assigned to this case, as is required in the scheduling order. In their opposition to the motion to dismiss, Plaintiffs offer no explanation for their failure to comply with this Court's orders, and as such the Court can only conclude that the delay was intentional. *See, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (noting that "significant periods of total inactivity" in a case give rise to an inference of delay).[4]

The Court furthers notes that Plaintiffs' failure to comply with the Court's orders has worked to prejudice Defendant, which the Fifth Circuit has identified as an "aggravating factor" that warrants a dismissal under Rule 41. *See Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (discussing aggravating factors); *see also Sealed Appellant*, 452 F.3d at 418 (noting that

---

[3] Specifically, the purported "Pre-Trial Order By All Plaintiffs," *see* Rec. Doc. 20, does not include any of Defendant's inserts, and also does not include a description of the parties; a single listing of uncontested facts; a single listing of contested facts; a listing of the nature and extent of each Plaintiff's injuries and disabilities, stated with particularity; a list of exhibits; a list of deposition testimony to be offered into evidence; a list of witnesses with the name and address of each witness and a general statement of their expected testimony, along with a statement that the witnesses listed were filed in accordance with prior Court orders; a statement of whether the case is a jury or non-jury case; suggested findings of fact and conclusions of law; a statement of whether quantum and liability will be tried separately; the certification of conference; and the certification that settlement was considered. All of these are required to be included in the pretrial order by the pretrial notice form that is incorporated by reference into the scheduling order. *See* Rec. Doc. 10.

[4] At the pretrial conference, Plaintiffs' counsel admitted that he could not credibly oppose a motion to dismiss should the Court conclude it had jurisdiction, because he failed to prosecute the case.

dismissal may be appropriate in cases even where no aggravating factors are found). The Defendant has been left shadowboxing in a case where Plaintiffs refuse to come forth as required by Rule 26 with the names and addresses of witnesses, critical documents in Plaintiffs' possession, or a computation of damages as to any individual Plaintiff. Defendant literally cannot defend itself since it has no specifics as to Plaintiffs' cases, or their ability to meet their burden. Nor is the Court inclined to excuse Plaintiffs in this case because their non-compliance might be attributable to the intentional non-compliance of their lawyer. "It is well-established . . . that a party is bound by the acts of his attorney." *Sealed Appellant*, 452 F.3d at 419 (*citing Link v. Wabash R.R.*, 370 U.S. 626 (1962)). "Moreover, the issue of whether the delay was the result of intentional conduct does not depend on whether the intentional conduct was by the party as distinguished from his attorney. . . . [C]onduct by the attorney is sufficient." *Id.* (*citing Porter v. Beaumont Enter. & Journal*, 743 F.2d 269, 271 (5th Cir. 1984)). "[T]here comes a point at which the deficiency in counsel's performance puts the plaintiff on notice that, unless a new lawyer is obtained, the very continuation of the lawsuit is threatened." *Id.* (*citing Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1522 (5th Cir. 1985). That point has been reached in a case where a suit is filed and removed and then languishes for more than eight months with no apparent prosecution by the attorney. In this case, the Court has found two of three aggravating factors present—intentional conduct and prejudice to the Defendant—which finding supports dismissal pursuant to Rule 41.

Finally, having considered the matter, the Court finds that a lesser sanction will not serve the best interests of justice. The Court notes that a lesser sanction will make little practical difference, since if the Court sanctioned Plaintiffs or Plaintiffs' counsel and allowed this matter

to go to trial, it would almost certainly have to dismiss the case upon a timely Rule 50 motion, since Plaintiffs would not be allowed to offer evidence or bring forward witnesses because of their failure to comply with the Court's scheduling order. Simply put, Plaintiffs cannot make their *prima facie* case. Forcing Defendants to go the expense and difficulty of even a speedy trial, to say nothing of the fruitless efforts of the Court and its personnel in preparing for trial, would hardly serve the cause of justice or burnish the reputation of the judicial system. Plaintiff never moved for a continuance of discovery or other deadlines, which the Court freely grants in other, similar cases. The legal and procedural issues involved in this case are not novel or difficult, which might incline the Court to be lenient with a plaintiff who has difficulty complying with the scheduling order. This is not a case where a plaintiff's eventual compliance with Rule 26 and the scheduling order was delayed, even if gravely. *See, e.g.*, *Bethel v. Woods Haven Senior Citizens Home, Inc.*, 229 F.3d 1148 (5th Cir. 2000) (unpublished). In fact, Plaintiffs to this date have not complied with Rule 26 or with the scheduling order, even after Defendant moved for dismissal on those grounds. Nor is this a case where non-compliance with the scheduling order was minimal and limited to one or two discrete requirements. *See, e.g.*, *Jackson v. Baden*, 95 F.3d 54 (5th Cir. 1996) (unpublished). Rather, this is a case wherein Plaintiffs have utterly failed to comply with Rule 26 and the scheduling order in *every way*. *See, e.g.*, *Dorsey v. Scott Wetzel Services, Inc.*, 84 F.3d 170 (5th Cir. 1996) (affirming dismissal). In such a case, a dismissal pursuant to Rule 41 is appropriate and the Defendant's motion is accordingly granted.[5]

---

[5] As an alternative basis for dismissal, the Court finds that dismissal is also warranted under FED. R. CIV. P. 37(b)(2), by which a district court may impose "just" sanctions on a party

### III. CONCLUSION

Based on the foregoing analysis, Plaintiffs' Motion to Remand is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiffs' counsel will send a copy of this order to every adult Plaintiff in this case by registered mail, return receipt requested, and certify his compliance with this instruction and the receipt of the order by the adult Plaintiffs in the docket of this case within 14 days of the date of this order.

New Orleans, Louisiana, this 22nd day of May, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

who fails to comply with a discovery order, including the dismissal of a plaintiff's action with prejudice, and by FED. R. CIV. P. 16(f), governing dismissals for violation of a pretrial order.